**MBA|LEGAL, P.C.**
Marvin B. Adviento, Esq. (SBN 240315)
7545 Irvine Center Drive, Suite 200
Irvine, CA 92618
T: (949) 677-7008
F: (949) 610-7397
E: madviento@mbalegal.net

Attorneys for Plaintiff, Shelby Woodruff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY WOODRUFF, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>DONALD A. NORDINE AND NANCY RAE NORDINE TRUSTEES OF THE DONALD A. AND NANCY RAE NORDINE FAMILY TRUST; and DOES 1 - 10, INCLUSIVE,<br><br>                    Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE FEDERAL FAIR HOUSING ACT (42 U.S.C. §3601, et seq.)**<br>2) **VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, et seq.)**<br>3) **RETALIATORY EVICTION**<br>4) **BREACH OF WARRANTY OF HABITABILITY**<br>5) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>6) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>7) **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.** |

**PLAINTIFF HEREBY COMPLAINS AND HEREBY ALLEGES AS FOLLOWS:**

## JURISDICTION AND VENUE

1. This is an action arising under the Federal Fair Housing Act ("FHA"), 42 U.S.C. §§3601, et seq., the California Unfair Business Practices Act ("UCL"), California *Business and Professions Code* §17200, et seq., *inter alia,* for money damages, civil penalties, and attorney's fees and costs.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§1331.

3. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §1391(b)-(c).

## COMMON ALLEGATIONS

4. Plaintiff Shelby Woodruff is an individual residing in the County of San Bernardino in the State of California.

5. Defendant Donald A. Nordine is an individual, who as Trustee of the Donald A. and Nancy Rae Nordine Family Trust, conducts business in San Bernardino County, California.

6. Defendant Donald A. Nordine is an individual, who as Trustee of the Donald A. and Nancy Rae Nordine Family Trust, conducts business in San Bernardino County, California.

7. Plaintiffs are informed and believe, and on that basis alleges that at all relevant times, certain of the Defendants, including DOE Defendants, and each of them, were acting as the agents, servants, employees, alter egos, successors or predecessors in interest, or contractors of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other named Defendant.

8. On or about September 1, 2019, Plaintiff entered into a residential lease agreement ("Lease") with Defendants for use and occupancy of real property located at 58710 Twentynine Palms Highway, Unit A, Yucca Valley, California

92284 ("Premises"). Under the initial terms of the Lease, Plaintiff was required to and did pay a monthly payment of $750.00.

9. On or about March 2020, the COVID-19 pandemic struck, leading the State of California and the County of San Bernardino to impose eviction moratoriums and prohibitions against demanding rents.

10. Further, the State of California enacted the COVID-19 Tenant Relief Act, which prohibited evictions for non-payment of rent if a tenant provided an affidavit indicating that their inability to make rent payments was caused by measures intended to mitigate the spread of COVID-19.

11. Plaintiff dutifully paid her rent until she lost her job in the pandemic, and even then, she continued making her rent payments when she could. Finally, beginning February 2021, Plaintiff was completely unable to make any payments whatsoever.

**SEX AND RELIGIOUS DISCRIMINATION**

12. During the pandemic, Plaintiff became pregnant by her boyfriend, Travis Castillion.

13. Plaintiff provided Defendants with a declaration indicating that because of COVID-19, she was unable to continue making rent payments.

14. However, in a voicemail, Defendant Donald A. Nordine callously and recklessly told her that the *only virus she got was the one her boyfriend put in her* and that he still demanded full payment of rent.

15. This comment made it clear that Defendants did not approve of Plaintiff having a child outside of marriage, though it was her choice and right to do so, and that because of it, he wanted her out of the Premises.

16. Defendants continued to pursue different routes of evicting Plaintiff as pretext for evicting her for non-payment of rent.

17. Even more shocking, on or about March 17, 2021, Defendant Donald A. Nordine sent Plaintiff a birthday card that he gave to his secretary. Although

bizarre, what was more disconcerting was a note attached where he stated that he hoped that "God will open your eyes to find Jesus in a special way".

18. This note cemented the belief that Defendants disapproved of Plaintiff and her family, as it did not meet with his Christian view of marriage.

**RETALIATION**

19. In attempting to evict Plaintiff, Defendant came up with different excuses, all unjustified reasons for eviction.

20. Among the alleged reasons for evicting Plaintiff, Defendant claimed that she had altered the electrical system without consent, that she had "waterboarded" him, that she was stealing electricity from another unit, and that she was unlawfully subletting the Premises.

21. Defendants served a Three-Day Notice to Quit and subsequently filed an unlawful detainer complaint with the San Bernardino County Superior Court under case number LLTMB2100071 ("UD Action").

22. On August 16, 2021, the UD Action was tried, and the Court ruled in favor of Plaintiff and against Defendants, finding that there was no basis for eviction and thereby dismissing the UD Action.

**HABITABILITY ISSUES**

23. Notwithstanding the outrageous conduct of Defendants, habitability issues were present in the Premises.

24. Specifically, black mold permeated the unit and remained unabated throughout the duration of Plaintiff's tenancy.

25. In fact, the Lease provided that there was mold in the Premises, but that Defendants were to clean and remove it. Defendants never did.

26. The presence of this mold has caused Plaintiff and her family various respiratory illnesses.

///
///

## COUNT I

## VIOLATION OF 42 U.S.C. §3601, et seq.

**(Against All Defendants)**

27. Plaintiff repeats and re-alleges Paragraphs 1 through 26 as though set forth herein.

28. Defendants' behavior as set forth herein demonstrate a violation of the Federal Fair Housing Act in that Plaintiff was the subject of various attempts to evict her based on her pregnancy and that the pregnancy occurred outside of marriage against the views held by Defendants.

29. As a result, Plaintiff has suffered severe emotional distress, substantial discomfort, inconvenience, annoyance, fear of retaliation, and retaliation by Defendants in the form of their unjustified attempts to evict Plaintiff.

## COUNT II

## VIOLATION 15 U.S.C. §1692, et seq.

**(Against All Defendants)**

30. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 29 above, as though set forth herein.

31. The rent owed by Plaintiff to Defendants is a debt with the meaning of the FDCPA.

32. Plaintiff is a debtor within the meaning of the FDCPA.

33. By demanding the rent, even though under the County and State orders, such rent was not immediately due and payable, Defendants willfully misrepresented to Plaintiff the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A).

34. By representing to Plaintiff that she was liable for the Debt, Defendants used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

35. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial, in additional to statutory penalties and an award of attorney's fees and costs.

## COUNT III
## RETALIATORY EVICTION
### (Against All Defendants)

36. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 35 above, as though set forth herein.

37. Defendants' attempts to evict Plaintiff constitutes, in part, retaliation for her exercise of her rights under the COVID-19 Tenant Relief Act.

38. Defendants' current attempt to evict Plaintiff also constitutes per se retaliation against Plaintiff for her prevailing in the UD Action.

39. As a result, Plaintiff faces a current threat of being evicted from the Premises and has suffered emotional distress, substantial discomfort, inconvenience, annoyance, personal property damage and loss, and the loss of housing, the amount of which exceeds the minimum jurisdictional threshold of this Court and which will be proven at trial.

## COUNT IV
## BREACH OF WARRANTY OF HABITABILITY
### (Against All Defendants)

40. Plaintiffs repeat and re-allege Paragraphs 1 through 39 above, as though set forth herein.

41. Defendants injured Plaintiff in by want of ordinary care or skill in their management of the Property, persons, or agents in violation of California *Civil Code* §1714.

42. As a result, Plaintiff has suffered emotional distress, substantial discomfort, inconvenience, annoyance, decrease in housing services without a corresponding reduction in rent, overpayment and/or excessive payment of rent,

personal property damage and loss, and the fear of loss of housing, the amount of which exceeds the minimum jurisdictional threshold of this Court and which will be proven at trial.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

43. Plaintiff repeats and re-alleges Paragraphs 1 through 42 above, as though set forth herein.

44. Defendants' conduct was outrageous, because of the overt nature of the discriminatory acts, including, but not limited to his comments on his voicemail calling her unborn child a virus given to her by her boyfriend.

45. Defendants intended to cause Plaintiff to suffer emotional distress.

46. Plaintiff suffered severe emotional distress in the form of shock, anger, grief, worry, anxiety to the point where she lives in fear for her safety and cannot sufficiently deal with this torment.

47. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

48. Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

49. Plaintiff repeats and re-alleges Paragraphs 1 through 48 above, as though set forth herein.

50. Defendants were negligent in refraining from such outrageous, discriminatory conduct that violates the Federal Fair Housing Act.

51. As a result of Defendants' negligence, Plaintiff suffered physical injuries.

52. Plaintiff suffered severe emotional distress in the form of shock, anger, grief, worry, anxiety to the point where she lives in fear for her safety and cannot sufficiently deal with this torment.

53. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

54. Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT VII
## VIOLATION OF CALIFORNIA
## BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
### (Against All Defendants)

55. Plaintiff repeats and re-alleges Paragraphs 1 through 54 above, as though set forth herein.

56. Defendants' conduct as described herein constitutes a violation of the Federal Fair Housing Act, the Federal Fair Debt Collections Practices Act, and the warranty of habitability.

57. As a result, Plaintiff has suffered and monetary damages in an amount to be determined at trial

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Actual damages;
2. Statutory damages;
3. Emotional distress damages;
4. Attorney's fees and costs; and
5. Any other relief as the Court may determine.

MBA|LEGAL, P.C

Dated: April 23, 2022     By: /s/ Marvin B. Adviento
Marvin B. Adviento, Esq.
Attorneys for Plaintiff,
Shelby Woodruff

## JURY DEMAND

Plaintiff hereby demands that this matter be heard at trial by a jury.

                                     **MBA|LEGAL, P.C**

Dated: April 23, 2022          By:    /s/ Marvin B. Adviento
                                                   Marvin B. Adviento, Esq.
                                                   Attorneys for Plaintiff,
                                                   Shelby Woodruff